Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000712
14-MAR-2019
07:47 AM

NO. CAAP-16-0000712

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GRACE CHEN, Plaintiff-Appellee, v.
JONATHAN WILLIAM MAH, D.D.S.; JONATHAN MAH, DDS, INC.,
a Hawaii corporation, Defendants-Appellants, and
JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENTAL
AGENCIES 1-10; DOE ENTITIES 1-10; Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2495-10)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Jonathan William Mah, D.D.S. (**Dr. Mah**) and Jonathan Mah, DDS, Inc. (**Mah, Inc.**) (collectively, **Mah**) appeal from the July 6, 2016 Final Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee Grace Chen, D.D.S. (**Dr. Chen**). Mah also challenges the Circuit Court's: (1) July 6, 2016 Findings of Fact and Conclusions of Law (**FOFs and COLs**); (2) August 8, 2013 Order Denying [Mah's] Motion to Set Aside Entry of Default Entered on October 31, 2012 (**Order Denying Set Aside**); (3) July

---

[1] The Honorable Gary W.B. Chang presided.

6, 2016 Order Granting Plaintiff's Motion for Award of Attorneys' Fees and Costs (**Attorneys' Fees Order**); and (4) September 26, 2016 Order Denying [Mah's] Motion for Reconsideration and/or for New Trial (**Order Denying Reconsideration**).

Mah asserts four points of error on appeal, contending that the Circuit Court erred in: (1) refusing to set aside the entry of default; (2) excluding certain evidence of liability and/or damages; (3) denying Mah's motion for reconsideration; and (4) "adopt[ing] verbatim [Dr. Chen]'s scripted findings and conclusions."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mah's points of error as follows:

(1) Hawaiʻi courts apply the following test to determine whether to set aside an entry of default:

> a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (citations omitted). If a moving party fails to establish any prong of the test, it is not an abuse of discretion to refuse to set aside the default. Citicorp Mortg., Inc. v. Bartolome, 94 Hawaiʻi 422, 439 16 P.3d 827, 844 (App. 2000) citing Park v. Tanaka, 75 Haw. 271, 281, 859 P.2d 917, 922 (1993) (no meritorious defense); and Dillingham Inves. Corp. v. Kunio V.

Yokoyama Tr., 8 Haw. App. 226, 236, 797 P.2d 1316, 1321 (1990) (inexcusable neglect and wilful act)).

Here, the Circuit Court did not find that prejudice would be caused by reopening.

Regarding the issue of a meritorious defense, Mah argues that the Circuit Court focused exclusively on the fraud claim during the hearing, resulting in an inherently flawed conclusion as to whether Mah had a meritorious defense to the remaining eleven claims. However, this argument is unsupported by the record. The Circuit Court did not limit its determination to Mah's defenses against the fraud claim but instead stated, in general terms, that "[Mah's] arguments really go to damages which they are not precluded from litigating even if they are in default." While counsel for Mah repeatedly limited *his* argument to the fraud claims, in its ruling, the Circuit Court did not limit its ruling to just the fraud claim.

However, even if Mah could establish that the Circuit Court erred in disregarding any of Mah's purportedly meritorious defenses, the argument that the failure to answer the Complaint was the result of excusable neglect lacks merit.

The Hawai'i Supreme Court has recognized that the typical circumstances that do not rise to the level of excusable neglect include, for example, a defendant's failure to answer to a properly served complaint without any reason, for an improper reason, or without seeking the approval or extension from the court, as well as circumstances in which there is a lengthy delay between the entry of default and the filing of the motion to set

aside the default. Cty. of Hawaii v. Ala Loop Homeowners, 123 Hawai'i 391, 423-24, 235 P.3d 1103, 1135-36 (2010) (citing Pogia v. Ramos, 10 Haw. App. 411, 416-17, 876 P.2d 1342, 1345 (1994) (affirming a refusal to set aside default when defendant claimed that she did not answer because "she was having problems with her marriage" and "did not understand what the legal papers meant" and where the motion was not filed until more than three years after entry of default); and Hupp v. Accessory Distrib., Inc., 1 Haw. App. 174, 178-79, 616 P.2d 233, 236 (1980) (concluding that refusal to set aside default was proper when defendant's insurer failed to file an answer for nine months without seeking approval of the court)). In contrast, the supreme court has recognized that where a defendant demonstrates an immediate effort to defend against the complaint, actively seeks to retain counsel, files requests for extensions of time to answer with the court, and promptly files the motion to set aside the entry of default, such efforts constitute excusable neglect that warrant setting aside the entry of default. Id.

Here, Dr. Mah was personally and properly served with the Complaint along with Dr. Chen's first discovery requests. While this may have followed various discussions with Dr. Chen's counsel "for weeks," as Mah contends, which allegedly led Dr. Mah to believe "that providing documents and information would avoid litigation," he had been made fully aware of the nature of Dr. Chen's demands and concerns, that an *impasse* had been reached, and that litigation was imminent. Moreover, while these several discussions with counsel may explain Dr. Mah's alleged surprise

as to the filing of the Complaint, Mah has not cited any reason for failing to respond to the Complaint once it had in fact been filed. Pogia, 10 Haw. App. at 416, 876 P.2d at 1345 ("defaulted party who failed to answer a complaint must make a showing why the party was justified in failing to respond to the complaint"). Notwithstanding Mah's contention that participating in continuing discussions with Dr. Chen's counsel indicated Mah's desire to resolve the dispute, Mah does not assert that there was any effort to continue these discussions after the Complaint was filed, and Mah failed to seek any extensions from the Circuit Court to, for example, obtain more time to resolve the dispute out of court. Finally, Mah filed the motion to set aside the entry of default only after Dr. Chen had filed her First Motion for Default Judgment, nearly nine months following the filing of the Complaint. Based on Mah's failure to cite any reason for failing to answer the Complaint, the lack of any effort to defend against the Complaint or to seek an extension from the Circuit Court to do so, and the lengthy delay in filing the motion to set aside entry of default, we conclude that the Circuit Court did not abuse its discretion in determining that the failure to answer the complaint did not result from excusable neglect. See Ala Loop Homeowners, 123 Hawaiʻi at 423-24, 235 P.3d at 1135-36. Accordingly, the Circuit Court did not abuse its discretion in entering the Order Denying Set Aside.

(2) Mah contends that the Circuit Court erred in excluding evidence, specifically declarations of Gloria L. Thompson Ogawa, William Anderson, Deenisha Lee, and Kaipo Gaspar.

However, Mah merely asserts that "the court took numerous steps to cripple [Mah]'s ability to provide any defense to damages" by refusing to consider the testimony of certain witnesses who would have "refute[d] [Dr. Chen]'s purported damages." This point is waived for its failure to present argument in accordance with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).[2]

Moreover, it lacks merit. "[T]rial courts have broad powers to control the litigation process before them, including the presentation of evidence." Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 75, 229 P.3d 1133, 1140 (2010) (citation omitted). Here, the Circuit Court struck these witnesses' testimony based on Mah's failure to comply with the Court's deadline for disclosing witnesses. There is no cogent argument and nothing in the record to support a conclusion that the Circuit Court abused its discretion in doing so.

(3) Mah contends that the Circuit Court abused its discretion in denying reconsideration based on newly discovered evidence that would offset the damages award. Specifically, Mah submits that there is new evidence of more than fifty patients who "received treatment below the standard of care by [Dr.

---

[2]     HRAP Rule 28(b)(7) provides, in pertinent part:

> **(b) Opening Brief.** Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in order here indicated:
>      . . . .
>      (7) The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . . Points not argued may be deemed waived.

Chen]," thus warranting reconsideration of the Circuit Court's ruling and calculation of damages.

"'[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.'" Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) (citation omitted). "Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Id.

Here, the record demonstrates that evidence of patient complaints could and should have been presented by Mah at trial. For instance, Mah's former counsel, in a letter to Dr. Chen dated more than one month prior to trial, describes the complaints of two of Dr. Chen's patients who allegedy required remedial treatment and alludes to "numerous other patients who also have extreme situations." Moreover, Dr. Mah testified repeatedly that he was made aware of the "many" patient complaints regarding Dr. Chen's "quality of care" and various "failed procedures" during her time with his practice, all of which necessarily occurred prior to August 2012 when she resigned, well in advance of trial. In fact, the apparent theory of Mah's defense as to damages at trial was, in part, that Dr. Chen repeatedly billed insurance providers for multiple failed procedures, resulting in an overpayment in her compensation, which the Circuit Court rejected based on, *inter alia*, Dr. Mah's lack of credibility as a witness.

Accordingly, the evidence of patient complaints that could have potentially offset the damages awarded to Dr. Chen was not "newly" discovered evidence that could not have been presented during the earlier proceeding and thus cannot serve as the basis for reconsideration. See, e.g., Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). Therefore, the Circuit Court did not abuse its discretion in denying Mah's Motion for Reconsideration.

Mah also contends that the Circuit Court erred in denying his Motion for New Trial based on the Circuit Court's improper application of the law and in light of the substantial evidence demonstrating that Mah overpaid Dr. Chen by $161,110, directly offsetting the damages awarded to Dr. Chen.[3] "[O]n a new trial motion, [the] movant need not convince the court to rule that no substantial evidence supports [its] opponent's case, but only that the verdict rendered for [its] opponent is against the manifest weight of the evidence." Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 503, 880 P.2d 169, 178 (1994) (citation and internal quotation marks omitted). The denial of a motion for a new trial is appropriate unless "the undisputed evidence results in a verdict that is without legal support such that justice requires a new trial[.]" Miyamoto v. Lum, 104 Hawai'i 1, 11, 84 P.3d 509, 519 (2004) (citation and internal quotation marks omitted). Thus, "[i]nasmuch as the

_____

[3]    To the extent Mah's motion should be construed as a motion for a new trial on the basis of newly-discovered evidence, as discussed above, the evidence was not previously undiscovered despite a purported exercise of due diligence, and the Circuit Court did not err in denying the motion for Mah's failure to meet the applicable standard. See Kawamata Farms, Inc. v. United Agri. Prods., 86 Hawai'i 214, 259-60, 948 P.2d 1055, 1100-01 (1997).

record evinces that evenly balanced evidence" was presented at trial, the circuit court has not abused its discretion in denying the motion as the verdict is not therefore against the manifest weight of the evidence.  Id.

At trial, Dr. Chen presented testimonial evidence of her compensation formula as agreed with Dr. Mah as well as documentary evidence of her compensation checks and supporting documentation prior to the unexplained change in her compensation in November 2012.  Additionally, Dr. Chen presented evidence of Dr. Mah's repeated promises to include her in a partnership as well as her increased production in reliance on those promises. In opposition, Dr. Mah testified as to a different compensation formula, failed to timely present any evidence of her purported overpayment resulting from uncollectible insurance claims, and denied making any representations to her regarding a partnership. In light of the Circuit Court's determination that Dr. Mah was not credible and did not properly present evidence of offsetting claims, the record does not demonstrate that the evidence in the record supports Mah's case to any extent or that the verdict is otherwise "against the manifest weight of the evidence."  See Richardson, 76 Hawaiʻi at 503, 880 P.2d at 178.  Accordingly, the Circuit Court did not abuse its discretion in denying Mah's motion for new trial.

(4)  Finally, Mah argues that the Circuit Court erred by signing "scripted" FOFs and COLs, "violating widespread common law rules prohibiting such a practice."  The cases cited by Mah are distinguishable and Mah cites no authority for the

9

proposition that it is improper or "prohibited" for a court to adopt FOFs or COLs drafted by a party, as directed by the court to prepare the order. To the extent that Mah makes a generic assertion that the Circuit Court erred in adopting the proposed order, this argument is disregarded. Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position")).

However, it may be discerned from Mah's previous argument that Mah contends that the Circuit Court erred in entering FOF 34 and COLs FF, GG, ZZ, and AAA,[4] in which the court determined or otherwise implied that a fiduciary employer-employee relationship existed between Dr. Chen and Mah. It is clear from the Circuit Court's ruling, however, that the existence of a fiduciary or an employer-employee relationship between the parties did not serve as the basis for its determination of damages on the fraud and misrepresentation claims, which stemmed from Dr. Mah's repeated and intentionally false statements regarding a partnership with Dr. Chen. Accordingly, to the extent that the Circuit Court erred in how it construed the parties' relationship, such error is harmless and does not warrant relief. See Dupree v. Hiraga, 121 Hawai'i 297,

---

[4] Mah makes no discernible argument as to how the Circuit Court erred in entering COLs HH, II, and LL and thus these contentions are disregarded. Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 212, 166 P.3d 961, 972 (2007) (recognizing that the appellate court will not consider a contention unsupported by authority or analysis).

320 n.28, 219 P.3d 1084, 1107 n.28 (2009) (recognizing as harmless any error in including extraneous COLs where they were not material to the ruling).

Finally, Mah asserts that the Circuit Court "erroneously pierced the corporate veil." This argument is inapposite to the Circuit Court's determination that Dr. Mah was liable for fraud and misrepresentation on the basis of his representations to Dr. Chen as an agent of Mah, Inc., which exposed him to personal liability. See, e.g., Laeroc Waikiki Parkside, LLC, 115 Hawai'i at 228 n.31, 166 P.3d at 988 n.31 (citing Restatement (Second) Agency § 348 (2006) ("An agent who fraudulently makes representations . . . is subject to liability in tort to the injured person although the fraud occurs in a transaction on behalf of the principal.")). Accordingly, we conclude that Mah's fourth point of error is without merit.[5]

For these reasons, the Circuit Court's July 6, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, March 14, 2019.

On the briefs:

Mark G. Valencia,
Matthew A. Cohen,
(Case Lombardi & Pettit),
for Defendants-Appellants.

Dennis W. King,
(Deeley, King, Pang &
Van Etten),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[5] Mah also requests that this court vacate the Attorneys' Fees Order, but fails to cite any basis for this contention. As the Circuit Court's FOFs and COLs and other orders in this case are affirmed, and because Mah presents no argument as to the reasonableness of the attorneys' fees and costs, the Attorneys' Fees Order also is affirmed.